IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **GREGORY WEBB and CLARICE WEBB,** | : <br> : <br> : |
| Plaintiffs | : Civil No.: 1:14-CV-1123 <br> : |
| v. | : <br> : <br> : |
| **SUSQUEHANNA TOWHSHIP SCHOOL DISTRICT, et al.,** | : <br> : <br> : Judge Sylvia H. Rambo |
| Defendants | : |

## M E M O R A N D U M

The student, a black male, was observed in school wearing a multifunctional tool with a small knife on a keychain around his neck. Plaintiffs allege that Defendants imposed a harsher disciplinary treatment for the student's actions in comparison to lesser disciplinary treatments imposed on three white students for more serious violations. Defendants moved for dismissal of all claims asserted by the student's mother under Section 1983 for lack of standing and expiration of the statute of limitations, all claims against the individual defendants under Title VI, and all claims under the PHRA for failure to exhaust administrative remedies. For the following reasons, Defendants' motion to dismiss will be granted.

## I.        Background

As required when deciding a motion to dismiss, the court will accept as true the well-pleaded factual averments set forth in the complaint (Doc. 1), and view them in the light most favorable to Plaintiffs as the nonmoving party.

### A. Parties

Plaintiff Gregory Webb ("Plaintiff Student") is a black male, residing within the Middle District of Pennsylvania. (*Id.* at ¶ 3). Plaintiff Clarice Webb ("Plaintiff Mother") is a black female and the mother of Plaintiff Student, who also resides within the Middle District of Pennsylvania. (*Id.* at ¶ 4). Plaintiff Student was enrolled at Susquehanna Township High School ("Susquehanna High School"), which is a public high school under the operation of Defendant Susquehanna Township School District ("Defendant School District"), a public school district in Susquehanna Township, within the Middle District of Pennsylvania. (*Id.* at ¶ 5). Defendant Dr. Susan M. Kegerise ("Defendant Superintendent") was the Superintendent of the School District. (*Id.* at ¶ 6). Defendant Cathy Tashner ("Defendant Assistant Superintendent") was Assistant Superintendent of the School District. (*Id.* at ¶ 7). Defendants Jesse Rawls, John A. Fabian, Daniel K. Fuller, Peter J. Sakol, M.D., John F. Dietrich, Linda T. Butler, Kathy L. DelGrande, Michael S. Ferguson, Esq., and Mark Y. Sussman, are all members of the School District's Board of School Directors (collectively "Defendant School Board Members"). (*Id.* at ¶¶ 8-16).

### B. Facts

On January 9, 2012, a teacher at Susquehanna High School saw Plaintiff Student wearing a multifunctional tool that included a small knife on a keychain around his neck.[1] (Doc. 1, ¶ 20). The tool was confiscated and Plaintiff Student was placed on a six-day out-of-school suspension. (*Id.* at ¶ 21). Defendant Superintendent and Defendant Assistant Superintendent recommended to Defendant

---

[1] Defendants' brief identifies the tool as a swiss army knife. (Doc. 12, p. 3 of 18.)

School Board Members that Plaintiff Student be expelled (*Id.* at ¶ 22); and on January 18, 2012, Defendant School Board Members voted to permanently expel Plaintiff Student. (*Id.* at ¶ 25). At the time of the expulsion, Plaintiff Student was sixteen years old and in the eleventh grade. (*Id.* at ¶¶ 19 & 28). Permanent expulsion meant that Plaintiff Student was placed on home study for both the remaining half of the 2011-2012 academic school year and the entirety of his senior year during 2012-2013. (*Id.* at ¶ 27).

On June 24, 2012, Plaintiff Mother learned of three situations in which white male students were treated differently than her son. (*Id.* at ¶ 30). The first situation involved a white male student who brought two airsoft pistols onto school grounds; the student crouched behind a vehicle and aimed at other students as they exited the building. (*Id.* at ¶ 31). The second situation involved a white male student who brought marijuana into a classroom. (*Id.* at ¶ 33). The third situation involved a white male student who brought a BB gun onto school grounds. (*Id.* at ¶ 35). On each of these occasions, Defendant Superintendent and Defendant Assistant Superintendent did not recommend to expel the students, and Defendant School Board Members voted accordingly. (*Id.* at ¶¶ 32-36). On June 25, 2012, Plaintiff Mother attended a School Board meeting at which she highlighted the disparate treatment and asked Defendant School Board Members for equitable treatment for her son. (*Id.* at ¶ 37). Plaintiff Student's expulsion was not modified. (*Id.* at ¶ 38).

### C.  **Procedural History**

Plaintiffs initiated this action by filing a complaint on June 11, 2014. On October 24, 2014, Defendants waived service. (Doc. 4). On December 11, 2014,

Defendants filed the instant motion to dismiss[2] (Doc. 11) and the supporting brief (Doc. 12). On January 2, 2015, Plaintiffs filed a response (Doc. 17) to which Defendants replied on January 12, 2015 (Doc. 18). Thus, Defendants' motion to dismiss is ripe for disposition.

## II.     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides that a plaintiff's complaint must be dismissed if the complaint "fails to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To state a claim upon which relief can be granted, a complaint must contain "a short and plain statement . . . showing that the pleader is entitled to relief" and provide the "defendant fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a); *Edwards v. Bor. of Dickson City*, 994 F. Supp. 2d 616, 618 (M.D. Pa. 2014). Additionally, the claim must allege sufficient facts that amount to a claim of relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Any legal conclusions not supported by facts or "formulaic recitation[s] of the elements of a cause of action will not [suffice]." *Id.* at 555. The burden is on the defendant to establish that the plaintiff's complaint fails to state a claim upon which relief can be granted. *Edwards*, 994 F. Supp. 2d at 618.

When considering a motion to dismiss, a court engages in a three-part inquiry:

> (1) identifying the elements of the claim, (2) reviewing the complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the complaint

---

[2]     Defendants filed a motion to dismiss Plaintiffs' Counts II and IV in their entirety, Plaintiffs' claims under Title VI asserted at Counts III and IV, and Plaintiffs' claims under the Pennsylvania Human Relations Act asserted at Counts I, II, III, and IV.

> and evaluat[ing] whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Id.* at 619. In performing these tasks, the court must view all allegations contained in the complaint as true and "construe all inferences in the light most favorable to [the] plaintiff." *Musila v. Lock Haven Univ.*, 970 F. Supp. 2d 384, 388 (M.D. Pa. 2013). If, after performing the three-part inquiry, the court determines that the plaintiff has not asserted a claim that is plausible on its face, the motion to dismiss will be sustained and the complaint dismissed. *See id.* When sustaining a motion to dismiss, a court has discretion as to whether the complaint should be amendable or dismissed with prejudice. *Brautigam v. Fraley*, 684 F. Supp. 2d 589, 594 (M.D. Pa. 2010).

**III.     Discussion**

Plaintiffs' complaint includes two counts against Defendant School District and two counts against Defendant Superintendent, Defendant Assistant Superintendent, and Defendant School Board Members (collectively "Individual Defendants") in their individual capacities; each count is asserted pursuant to Section 1983 and claims violations of the Fourteenth Amendment to the United States Constitution, Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000, as amended, and the Pennsylvania Human Relations Act, 43 Pa. C.S. § 951 ("PHRA").

At Count I, Plaintiff Student asserts a cause of action against Defendant School District for violations of the Fourteenth Amendment, Title VI, and the PHRA. At Count II, Plaintiff Mother, by virtue of her relationship to Plaintiff Student, asserts a cause of action against Defendant School District for violations of the Fourteenth Amendment, Title VI, and the PHRA. At Count III, Plaintiff Student asserts a cause of action against the Individual Defendants for violations of the

Fourteenth Amendment, Title VI, and the PHRA. At Count IV, Plaintiff Mother, by virtue of her relationship to Plaintiff Student, asserts a cause of action against the Individual Defendants for violations of the Fourteenth Amendment, Title VI, and the PHRA.

Plaintiffs' claims for alleged infringement of their rights protected by the Fourteenth Amendment are asserted pursuant to Section 1983, which provides, in pertinent part, as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress.

42 U.S.C. § 1983. "Section 1983 is not a source of substantive rights, but merely a method to vindicate violations of federal law committed by state actors." *Pappas. v. City of Lebanon*, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004) (quoting *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002)). To establish a claim under this section, a plaintiff must demonstrate that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by either the Constitution or the laws of the United States. *Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1998)). Here, Plaintiffs assert that the Defendants are state actors who violated their rights protected by the Constitution and federal law.

Defendants do not challenge the sufficiency of the factual matter pleaded in Plaintiffs' complaint; rather, Defendants challenge: (1) Plaintiff Mother's Section 1983 and Title VI claims asserted at Counts II and IV for lack of standing and expiration of the statute of limitations; (2) the Plaintiffs' Title VI claims asserting individual liability at Counts III and IV; and (3) the claims asserted for violations of the PHRA for failure to exhaust administrative remedies. For the reasons set forth below, Plaintiff Mother's Section 1983 and Title VI claims will be dismissed. Because Plaintiffs conceded that they may not assert Title VI claims against individuals (Doc. 17 p. 5 of 8), the court will dismiss all claims asserted under Title VI at Counts III and IV to the extent they seek to impose individual liability. Finally, because Plaintiffs conceded that they failed to plead exhaustion of administrative remedies for the PHRA claims, the court will dismiss the PHRA claims at Counts I, II, III, and IV.

### A. Constitutional Standing

Defendants seek to dismiss Plaintiff Mother's claims under Section 1983 and Title VI for lack of standing. As set forth in *Lujan v. Defenders of Wildlife*, constitutional standing requires: (1) an "injury in fact" that is "concrete and particularized" and "actual or imminent"; (2) a causal connection between the injury alleged and the "challenged action of the defendant"; and (3) that the injury is likely to be "redressed by a favorable decision." 504 U.S. 555, 560-61 (1992). "[T]he 'injury in fact' test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured." *Id.* at 563 (quoting *Sierra Club v. Morton*, 405 U.S. 727, 734-35, (1972)). The alleged injury "must

affect the plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560 n.1. Moreover, as the Supreme Court clarified:

> The party invoking federal jurisdiction bears the burden of establishing these elements. Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof.

*Id.* at 561 (internal citations omitted). When, as in the instant case, the plaintiff "is not [herself] the object of the [challenged government action or inaction,] standing is not precluded but is ordinarily 'substantially more difficult' to establish." *Lujan*, 504 U.S. at 562. Prudential standing requirements typically require that plaintiffs "must assert [their] own legal rights and interests, and cannot rest [their] claim to relief on the legal rights or interests of third parties." *Sec'y of State of Md. v. Joseph H. Munson Co.*, 467 U.S. 947, 955 (1984).

### 1. Section 1983 Standing

To have standing to assert a claim under Section 1983, a plaintiff must show that she has "sustained . . . a direct injury as the result of that action and it is not sufficient that [s]he has merely a general interest common to all members of the public." *Lujan*, 504 U.S. at 575 (citing *Doremus v. Bd. of Ed. of Hawthorne,* 342 U.S. 429 433-34 (1952) (dismissing taxpayer action)). In Counts II and IV, Plaintiff Mother alleges she suffered "constitutional and statutory violations of her son by virtue of being his parent," yet fails to support the elements of the claim as is required of any other matter on which a plaintiff bears the burden of proof. Indeed, Plaintiff Mother makes clear that her standing is established as a taxpaying member of the community. (Doc. 17, p. 3-4 of 8). Such a theory is too generalized and fails

to meet the pleading standard set forth by the Federal Rules of Civil Procedure. She does not, for example, allege an economic injury sufficient to permit her to bring a claim. *But see Doe v. Bolton*, 410 U.S. 179, 188 (1973). Because her pleading, as clarified in her brief, is restricted to such a generalized taxpayer status, her claim will be dismissed.

### 2. Title VI Standing

Plaintiff Mother's Title VI claim is subject to the same fate for a similar reason. In the Third Circuit, "courts have upheld standing for plaintiffs who are not the direct targets of discrimination" when the individual plaintiffs satisfied Article III standing requirements.[3] *Pocono Mt. Charter Sch. v. Pocono Mt. Sch. Dist.*, 908 F. Supp. 2d 597, 615 (M.D. Pa. 2012) (citing *Pocono Mt. Charter Sch. v. Pocono Mt. Sch. Dist.*, 442 F. App'x 681, 689 n.11 (3d Cir. 2011)). Plaintiff Mother asserts she suffered injury as a result of the Defendants' violations of Title VI against her son by virtue of her being his parent; however, she fails to allege any facts showing that Defendants unlawfully discriminated against her on the basis of her race or national origin. Because Plaintiff Mother has not alleged an "injury in fact" sufficient to satisfy Article III standing, her claim under Title VI in Count II will be dismissed.

### B. Statute Of Limitations

Although Plaintiff Mother's claims asserted pursuant to Section 1983 and Title VI will be dismissed for lack of standing, the court takes the opportunity to address Defendants' alternative argument that Plaintiff Mother's claims are barred by the expiration of the statute of limitations. The Federal Rules of Civil Procedure

---

[3] In *Pocono Mountain Charter School*, on remand from the Third Circuit, the court held that the parents of students alleged an "injury in fact" to satisfy Article III standing and were permitted to proceed. *Pocono Mt. Charter Sch.*, 908 F. Supp. 2d at 616.

generally do not provide for a statute of limitations defense to be raised under 12(b)(6).[4] *See Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002) ("[A] limitations defense must be raised in the answer, since Rule 12(b) does not permit it to be raised by motion."). However, it is well-established that an exception may be made "where the complaint facially shows noncompliance with the limitations period and the affirmative defense clearly appears on the face of the pleading." *Frasier-Kane v. City of Phila.*, 517 F. App'x 104, 107 n. 1 (3d Cir. 2013) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380 (3d Cir. 1994). On the other hand, a court may not dismiss a claim on a Rule 12 motion "where the face of the [complaint] does not unequivocally reveal whether a cause of action has been commenced within the limitations period." *Robinson*, 313 F.3d at 135; *see also Jaramillo v. Experian Info. Solutions, Inc.*, 155 F. Supp. 2d 356, 358-59 (E.D. Pa. 2001) (holding that, for a Rule 12 dismissal of a claim as time-barred, noncompliance with limitations period must clearly appear on the face of the pleading).

      Although federal statutory law does not contain a specific statute of limitations for civil rights actions, such claims are subject to the state statute of limitations for personal injury actions. *O'Connor v. City of Newark*, 440 F.3d 125, 126 (3d Cir. 2006). In this regard, federal courts sitting in Pennsylvania have adopted Pennsylvania's two-year personal injury statute of limitations, set forth at 42 Pa. C.S. § 5524, in determining that a civil rights claim must be filed no later than

---

[4] Rule 12(b) states that "[e]very defense . . . shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion . . . ." Fed. R. Civ. P. 12(b). The defenses listed in Rule 12(b) do not include a statute of limitations defense. *See id.*

two years from the date the cause of action accrued.  *See Knoll v. Springfield Twp. Sch. Dist.*, 763 F.2d 584, 585 (3d Cir. 1985) (holding that the two-year limitations period of 42 Pa. Cons. Stat. Ann. § 5524 applies to Section 1983 actions).  Nevertheless, the question of when a civil rights action accrues is governed by federal law.  *Giles v. City of Phila.*, 542 F. App'x 121, 122-23 (3d Cir. 2013) (citing *Wallace v. Kato*, 549 U.S. 384, 388 (2007) (expressly stating that the accrual date of a Section 1983 cause of action is a question of federal law that is not resolved by reference to state law)).  A civil rights claim accrues "when the plaintiff knew or should have known of the injury upon which [his] action is based." *Id.* (quoting *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998)).  It is "the standard rule that [accrual occurs] when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief." *Wallace*, 549 U.S. at 388 (internal citations omitted).

    Defendants argue that Plaintiff Mother's action accrued and the statute of limitations began to run as of Plaintiff Student's expulsion on January 18, 2012.  Alternatively, Defendants argue that, under the Pennsylvania rule of discovery, there were two instances in May 2012 where white male students received lesser punishments for their infractions, and that Plaintiff Mother should have reasonably known, or could have easily discovered, that her son was being treated differently at that time.  Plaintiffs' complaint avers that they learned of the two disciplinary actions involving white male students on June 24, 2012.  Under the motion to dismiss standard of accepting Plaintiffs' statements as true, Plaintiffs discovered the existence of a complete and present cause of action as of June 24, 2012, when they learned of the alleged disparate treatment.  Therefore, the two-year limitation expired

on June 24, 2014. Plaintiffs' complaint was filed on June 11, 2014, and as a result, the action does not conclusively appear to be time-barred.

Applying the motion to dismiss standard to Plaintiffs' complaint and accepting Plaintiffs' averments as true, the face of the complaint does not conclusively establish that Plaintiff Mother knew of her injury in May 2012. Rather, the discovery rule may operate to toll the statute of limitations until Plaintiff Mother learned of the injury, that is, until June 24, 2012. Accordingly, Defendants' Motion to Dismiss on the basis of statute of limitations will be denied, without prejudice to Defendants' right to reassert a statute of limitations defense if discovery should reveal the action is in fact time-barred.

### C. Leave To Amend

Rule 15 of the Federal Rules of Civil Procedure permits a court to grant a party leave to amend its pleadings. *See* Fed. R. Civ. P. 15(a)(2). "The court should freely give leave when justice so requires." *Id.* As such, "if a complaint is subject to a Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (citing *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004)). In this context, " 'futility' means that the complaint, as amended, would still fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citing *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). In this case, the deficiencies identified with regard to Plaintiffs' PHRA claims at Counts I, II, III, and IV are curable by amendment because Plaintiffs claim they have exhausted administrative remedies and requested

leave to amend the complaint to aver these facts.[5] Therefore, Plaintiffs PHRA claims will be dismissed without prejudice. Because it is unclear whether Plaintiff Mother's claims under Section 1983 at Counts II and IV, and Title VI in Count II, may be curable; the court will afford Plaintiffs an opportunity to amend the complaint to allege facts sufficient to establish Plaintiff Mother's standing.

## IV. Conclusion

Based on the foregoing, the court concludes that Plaintiffs' complaint fails to establish that Plaintiff Mother has standing to assert a cause of action for alleged violations of her son's rights because Plaintiffs failed to plead a concrete and particularized injury in fact. Accordingly, Plaintiff Mother's claims will be dismissed, without prejudice to her ability to amend the complaint to establish standing. Although Plaintiffs' claims under the PHRA will be dismissed for failure to plead exhaustion of administrative remedies, Plaintiffs will be entitled to amend the complaint with respect to the PHRA claims. Lastly, because Title VI does not provide for individual liability, those claims against Individual Defendants will be dismissed with prejudice on the basis of futility.

An appropriate order will issue.

                                           s/Sylvia H. Rambo
                                           United States District Judge

Dated: February 27, 2015.

---

[5] *See* Plaintiffs' brief in Opposition to Defendant's Motion to Dismiss. (Doc. 17, p. 5 of 8).